Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT
### for the

Middle District of Florida

Tampa Division

|  | ) | Case No. 8:21-cv-1043-KKM-SPF |
| David Mare Ratcliff | ) | *(to be filled in by the Clerk's Office)* |
| *Plaintiff(s)* | ) | |

*(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)*

-v-

See Attached

*Defendant(s)*

*(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names. Do not include addresses here.)*

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
### (Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---



Defendants:

Mrs. Spiva, Captain Pinellas county Jail
Mr. Andrews, corporal Pinellas county Jail
unknown officers of the Pinellas County Jail
Mrs. D. Tyler, R.R.m. Federal Bureau of Prisons
unknown officers of the U.S. marshals Service
unknown administrative officers of Hillsborough county
Re-entry center (H.C.R.R.C) Goodwill-suncoast, Inc.
Bob Gualtieri, Sheriff Pinellas county Florida

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

I.    **The Parties to This Complaint**

A.    **The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name                          David Marc Ratcliff
All other names by which
you have been known:          N|A
ID Number                     1858252
Current Institution           Pinellas County Jail
Address                       14400 49th Street North
                              Clearwater        FL.      33762
                                    *City*          *State*      *Zip Code*

B.    **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1
Name                          Mrs. Spiva
Job or Title *(if known)*     Captain
Shield Number                 Unknown
Employer                      Pinellas county Sheriff's office
Address                       10750 Ulmerton Road
                              Largo         FL.      33778
                                   *City*       *State*     *Zip Code*
                              ☒ Individual capacity    ☒ Official capacity

Defendant No. 2
Name                          Mr. Andrews
Job or Title *(if known)*     Corporal
Shield Number                 Unknown
Employer                      Pinellas county Sheriff's office
Address                       10750 Ulmerton Road
                              Largo         FL.      33778
                                   *City*       *State*     *Zip Code*
                              ☒ Individual capacity    ☒ Official capacity

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

Defendant No. 3
Name _Unknown officers of The Pinellas County Jail_
Job or Title (if known) _Unknown_
Shield Number _Unknown_
Employer _Pinellas County Sheriff's office_
Address _10750 Ulmerton Road_
_LArgo_        _FL._    _33778_
City          State    Zip Code
☒ Individual capacity    ☒ Official capacity

Defendant No. 4
Name _mrs. D. Tyler_
Job or Title (if known) _Regional Re-entry manager (orlando Div.)_
Shield Number _Unknown_
Employer _Federal Bureau of Prisons_
Address _6303 County Road 500_
_Wildwood_        _FL._    _34785_
City          State    Zip Code
☒ Individual capacity    ☒ Official capacity

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against (check all that apply):

☒ Federal officials (a *Bivens* claim)

☒ State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

_The 4th, 6th, 8th, And 14th Amendments of the U.S. Constitution;_
_The Bill of Rights (United States); The code of Federal Regulations;_
_contractual agreements between A state Agency and The united states_

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

I. The parties of the complaint continued

Defendant No. 5

Name: Unknown Agents of the U.S. marshals Service

Job or title: U.S. marshal

Shield Number: Unknown

Employer: United States marshals Service

Address: 801 N. Florida Avenue

TAMPA                    FL.            33602
City                     State          Zip code

☐ Individual capacity  ☒ official capacity

Defendant No. 6

Name: Unknown Administrative officers of Regional Re-entry center
Hillsborough County
H.C.R.R.C. Goodwill-suncoast
INC.

Job or title: Administrative officers

Shield Number: Unknown

Employer: Goodwill-suncoast, INC.

Address: 4102 W. Hillsborough Avenue

TAMPA                    FL.            33614
City                     State          Zip code

☒ Individual capacity  ☒ official capacity

Page 3(A) of 11

Defendant No. 7.

Name: Bob GUALTIERI

Job or Title: Sheriff

Shield Number: UNKNOWN

Employer: Pinellas county Sheriffs office

Address: 10750 ULmerton Road

_Largo_     _FL._     _33778_
City        State      Zip Code

☒ Individual Capacity   ☒ Official Capacity

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

The 4th, 6th, 8th And 14th Amendments of The U.S. Constitution, Article II of the Constitution, The Bill of Rights

**D.** Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

Florida Model Jail Standards
Contractual Agreement's
                    See Attached Also

## III. Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- [ ] Pretrial detainee
- [ ] Civilly committed detainee
- [ ] Immigration detainee
- [ ] Convicted and sentenced state prisoner
- [x] Convicted and sentenced federal prisoner
- [x] Other *(explain)* Held in State custody At Pinellas County Jail Under U.S. marshals hold, serving A Federal sentence.

## IV. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

**A.** If the events giving rise to your claim arose outside an institution, describe where and when they arose.

See Attached

**B.** If the events giving rise to your claim arose in an institution, describe where and when they arose.

See Attached

Page 4 of 11

II. Basis for Jurisdiction Continued.

D. 1.) Mrs. Spiva, Mr. Andrews, And The Unknown officers of Pinellas County Jail Acted under The Florida State Constitution And it's Articles In The execution of There Duty. Also under The Florida Jailhouse Standrads, And The Contractual obligations of Agreement In housing Detainee's, Namely Federal Inmates with U.S. Marshals hold's you Them. The Defendant's Knew, or Should have Known That There Actions Violated The rights secured by The plaintiff.

The Unknown Administrative officers of The Hillsborough County Re-entry Center (H.C.R.R.C.) were Acting under Contractual obligation And The Defendants Knew, or should have Known That Their Actions Violated Said Contractual obligations secured by The plaintiff. Bob Gualtieri Acted under The same. H.C.R.R.C Administrative Staff Also Acted under The Same As Above, and Goodwill-Suncoast, Inc.

2.) Said Federal defendants, Namely, Mrs. D. tyler, And Unknown officers of The U.S. Marshals service Acted under The provisions of U.S.C.S. title 18 In The execution of petitioners federal sentence, And The provisions of The Code of Federal Regulations. Furthermore Mrs. D. tyler Acted under The Contractual obligations contained Within The said contract between H.C.R.R.C Administrative Staff And Goodwill-Suncoast, Inc. In providing services And custody of Petitioner, Also H.C.R.R.C. Acted under The Same Contractual Agreement, Goodwill-Suncoast, Inc.

IV. Statement of Claim Continued

A. (If the events giving rise to your claim arose outside an institution)

The claim's against Mrs. D. Tyler and the unknown Administrative officers of Hillsborough County Regional Re-entry center (H.C.R.R.C.) Arose at Goodwill-Suncoast, Inc. H.C.R.R.C. Facility located at 4102 W. Hillsborough Avenue, Tampa, Florida between 6-23-2020 to 8-10-2020; 11-4-2020 to 1-8-2020; And from 3-3-2021 to 3-10-2021.

B. (If the events giving rise to your claim arose in an institution)

The claim's against the unknown officers of the Pinellas County Jail Arose at the Pinellas County Jail on, or About 8-10-2020 through 11-4-2020; 1-8-2021 through 3-3-2021; And 3-10-2021 to the present date. The claim's against Mrs. Spivia, and Mr. Andrews occurred on or About 4-6-2021 and continue to the present date.

The claims against the unknown officers of the U.S. marshals service Arose at the Pinellas County Jail from 8-10-20 through 11-4-20; 1-8-21 through 3-3-21; And from 3-10-21 to the present date.

The claim's against Bob Gualtieri Arose at the Pinellas County Jail on, or About 8-10-2020 through 11-4-2020; 1-8-2021 through 3-3-2021; And from 3-10-2021 to the present date.

It should be noted that the events occurred over three periods of Incarceration At pinellas county Jail And the events were on going.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

C.     What date and approximate time did the events giving rise to your claim(s) occur?

See page 4(B) of 11 Sections A & B perspectively of the Statement of claim, Also See Section D of the same Breakdown of the facts for "Aproximate Times"

D.     What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

See Attached

## V.    Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

I was psycially Injured when slamed on the Bunk and forcablly stripped on 8-10-20 and Denied medical requests for Injury to my neck.

I was emotionally Injured due to the claims stated in Section D. especially being held beyond my release date, and not being provided services at H.C.R.R.C.

I was financially Injured due to being confined past my release date. Been assaulted by a state Inmate, Named, Thomse Dooley in September 2020

## VI.   Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

See Section IV. Statement of claims section D. Attachement pages which also states Relief sought for each claim.

See so

IV. Statement of Claim continued

D. (What are the Facts underlying your claims) <u>claims</u> ect.

* The Following is set forth in order of The Defendants in cronological order of occurance. Each defendants claims will be addressed seperatly from begining to end.

1. Claims against mrs. Spiva, Captain at Pinellas County Jail

A. On or about April 8th 2021 mass shakedowns (searches) were conducted in D-wing of the jail and all Raido's, Batteries, and coffee was confiscated from D-wing inmates. Said Item's were not allowed to be returned, or allowed to be ordered via the jails Canteen for the whole of South wing tree after, which was ordered by mrs. Spiva.

B. This was done due to drugs being brought into the jail via U.S. mail, or guards, or both. The problem with said contraband was not limited to D-wing, or south wing of the jail, but only that area was punished by remove of Raido's, Batteries, and coffee while the rest of the jail's population was allowed these items and the purchase of them from the jails commissary.

C. This corporal punishment on one group of inmates was in direct violation of the Florida model jailhouse standards which I grieved, but said grievance was denied.

<u>Requested Relief</u>

<u>Injuntive</u> order to restore Raido's, Batteries, and coffee to inmates on D-wing and south wing. Cost of filing complaint.

2. Claims Against Mr. Andrews, corporal at Pinellas county Jail

A. On or about 3-19-2021 to present Date Mr. Andrews did Knowingly restrict me to an 8x10 ft. cell 23½ hours four days of the week Allowing me out A ½ hour to Shower, make Phone calls, And Use The Jail units Kiosk to submit requests And file grievances.

B. During This time period And continuing to present Date I was Allowed to go outside in shackels And handcuffs to A approximate 40x20 ft Area. Being in handcuffs And shackels I could not exercise, but could only sit, or Shuffel around in the Area with nothing else to do.

It should be noted That A timer was set on the units window for The 30 min. out in the unit, And this included The time you were Allowed A razor on wednesdays And sundays.

## Relief Requested

Injunctive Relief of order Allowing Inmates out 1 hour A day and to be Able to properly exercise without restraint, or having to do so in the 8x10 ft cell. cost of filing The complaint.

3. Claims Against Unknown officers of the Pinellas county Jail

A. On or about 8-10-2020 While in The Jails Intake Area unknown officers did become verbally confrontational with petitioner And did Knowingly conspire with unknown Pinellas county medical staff to have me placed on suicide watch in retaliation for said verbal confrontation.

B. I was removed from Intake by unknown staff And taken to A cell in 2H2 And slamed on the bunk without provocation Then Forcably stripped in front of female staff. This was all caught on Camra in the cell.

C. Petitioner requested medical attention after said officer left but was denied the request and petitioners neck was in severe pain for days after being slamed on the bunk.

D. During the time period between 8-10-2020 Through 11-4-2020; 1-8-2021 Through 3-3-2021, and 3-10-2021 to present Petitioner has been denied the grievance process at Pinellas county Jail due to petitioner having first to obtain permission to file a grievance which was denied over and over to attempt to prevent petitioner from filing grievances. This can be seen in the recent submissions which Petitioner is attempting to obtain from the Pinellas county Sheriff's Department's public Records Processing Unit and has made a sworn Affidavit to these facts in attachment (A) of this complaint.

E. During the time period between 3-10-2021 to present unknown Pinellas county Jail officials did knowingly deny me access to the code of Federal Regulations; tort claim form; Federal forms in and through the Kiosk's Law Library request Submissions. Also when asking for case Law on a subject the request was denied stating that the case Name and Site must be given to obtain such information on a subject. This process denyed plaintiff access to the court and due process of Law.

<u>Requested Relief</u>

<u>Injunctive Relief</u> in the form of ordering the "permission to" file a Grievance to be discontinued; the Law Library to start providing Proper access to case Law; statue's, codes, and Federal forms. And to order the well known common pratice of using purported →

Page 5(c) of 11

FALSE suicides In Intake At the Jail to punish Inmates being
brought Into the Jail. This practice has not only happened to me
but Numerous Inmates who have been brought into the Jail. cost of
Filing fee.

4. CLAIM's AGAINST mrs. D. Tyler, R.R.m. (Orlando) Federal Bureau of Prisons

A. On or About 3-10-2021 I was removed from Hillsborough county
Re-entry center (H.C.R.R.C) by The U.S. marshals service in and
Through mrs. D. tyler before I was Able to present A defense, or
Present witnesses And evidence At Any Kind of hearing on the
matter of two 300 level incident reports written for Insolence on
or About 3-9-2021.

B. I was removed from the H.C.R.R.C. program before A finding
of guilt on the said Incident reports was Issued;

C. I was not Allowed Any Kind of hearing on the matters;

D. I was not given Any Kind of Findings on the matter, or
Any means to Appeal said findings;

E. mrs. D. tyler waited until 3-30-2021 hours before I
was to be released on the morning of 3-31-2021 to pass
Judgement on the two incident reports;

F. mrs. D. tyler Forefited 88 days of Good time credit without
Affording plaintiff Any Due process Afforded In Disciplinary procedding
depicted In the code of Federal Regulations

G. mrs. D. tyler In the Above Actions did cause harm and injury
Not only to me but to that of my mentor mrs. Janice Reynolds
who had prepared for me release.

## Requested Relief

Punitive Damages in the amount of $100,000.00 for Imprisonment past plaintiff's release date of 88 days and for the hardship it has placed on plaintiffs Reintegration back into society after 23+ years in prison. Also Filing fee for this complaint.

5. Claims Against the unknown officers of the U.S. marshals Service

A. During the times spent a Pinellas County Jail, namely, 8-10-2020 Through 11-4-2020; 1-8-2021 Through 3-3-2021; And 3-10-2021 to present I was placed on High security; namely, Red Dot Status per the unknown U.S. marshals orders.

B. I filed several requests to the Pinellas county Jail classification and was informed that it was the U.S. marshals who requested this increase custody due to plaintiff swallowing a handcuff key back in 1998.

C. I wrote the U.S. marshals service two different times, The first being Between 8-10-2020 Through 11-4-2020, The second time was between 1-8-2021 Through 3-3-2021, but recieved no response.

D. On or About 3-9-2021 I spoke on the phone directly with an unknown U.S. marshal who stated that I would remain on This High risk status regardless if plaintiff had been housed without any escape incidents at the H.C.R.R.C. And basically on the street.

E. I was told that I should have my Lawyer look into the matter, but when I stated that I did not have a Lawyer the unknown U.S. marshal stated the he did not know what could be done

F. Being placed on this status by and through the unknown U.S. marshals caused me to be confined in an 8x10 cell 23½ hours four days of the week and allowed to go outside three days →

Page 5(E) of 11

A week in shackels And Handcuffs. This status Also denied me to be Able to participate in Any Reintergration programs That Pinellas county JAIL had to offer.

## Requested Relief

Injunctive Relief of ~~ordering~~ ordering the unknown U.S.o mArShals To remove me from High security status, nAmely, RedDot At The Pinellas county JAIL. Give reason for this increased measure on An Inmate DAys AwAy from being released from custody.

Punitive Relief in the Amount of $400,000.00 for retaliatory Transgressions Against my person for Actions from 1998 that have nothing to do With my current situation.

6. Claims Against unKnown Administrative officers of The Hillsborough County Regional Re-entry center (H.C.R.R.C.) Goodwill-suncoast, Inc.

A.
Between 6-24-2020 Through 8-9-2020, 11-4-2020 Through 1-7-2021, And 3-3-2021 Through 3-10-2021 The Administrative officers of The H.C.R.R.C. failed to provide contractual services to plaintiff.

These services include but Are not Limited to the following:

1. counselor services
2. psychological services
3. Reintergrational Adjustment services
4. Recreationn services
5. proper storage space for legal materials

And unknown contractual services which plaintiff is unaware of Due to not being provided said portion of the contractual agreement →

Page 5 (F) of 11

Between Goodwill-Suncoast, Inc. And The Federal Bureau of Prisons After Plaintiff made A request for such on The State & federal levels. See Attachment (C) Affidavit

**B.** Due to not being provided said services Plaintiff suffered Severe hardship and turmoil At The H.C.R.R.C. while house there. Furthermore The Lack of said services directly resulted in Plaintiff's reintergration efforts and led to severe depression and decline At H.C.R.R.C.

**C.** Plaintiff filed numerous complaints with H.C.R.R.C. staff which were never responded to, And only forwarded to The Bureau of Prisons R.R.M. . The complaints were filed Between 6-24-2020 Through 8-9-2020, And on 3-9-2021. These complaints delt with staff of The H.C.R.R.C. being combative, negative, and in no way Assisting plaintiff with Any reintergrational Direction, or efforts. Said staff only Acted As quasi correctional Institutional (prison) officers who were Abusive of Their Authority over the Residents There, especially Plaintiff After he filed Said complaints. Plaintiff was intimidated by Threats And made to cow when confronted by staff Throughally demoralizing Plaintiff.

**D.** Plaintiff was forced without pay to work At The H.C.R.R.C. to Clean The facility Six times A day for Approximatly An hours time x6 Without compensation. when Plaintiff pointed out The Florida Labor-Laws to The Administrators in A complaint, And the fact That plaintiff Should not be forced into Labor with The Threat of An incident report if he did not comply violated numerous state And federal Law's And Statutes, This only made staff persecute plaintiff more.

E.  Plaintiff states that said unknown Administrative officials did Knowingly missappropriate funds paid to Goodwill-Suncoast, Inc. (H.C.R.R.C.) by it's failure to provide the Known, And unknown services to Plaintiff.

Plaintiff estimates Goodwill-Suncoast, Inc. recieved Between $10,000.00 to 12,000.00 in total A Day for said services that were, And Are Not being provided.

## Requested Relief

Injunctive Relief: Direct Goodwill-Suncoast, Inc. (H.C.R.R.C.) to release Said portion of the Contractual Agreement between the program which is A State held Corporation And the federal Bureau of prisons that depicts What services Are to be provided. Also to provide where said funds were distributed to Allocate these programs.

Punitive Damages: For failure to provide said Known And unknown Services to plaintiff And for forced Labor pratices Plaintiff request $100,000.00 in declatory Judgement.

7. Claims Against Bob Gualtieri, Sheriff Pinellas county Florida.

A.  Between 8-10-2020 Through 11-4-2020; 1-8-2021 Through 3-3-2021; And 3-10-2021 to present Date Bob Gualtieri did Knowingly Violate the terms of the Contractual Agreement between Pinellas county Sheriff's department And the U.S. Marshals Service to house federal prisoners, And detainee's.

B. Plaintiff was housed in Same unit And Recreationed with State Jurisdictional Inmates And detainee's when he was A federal Jurisdictional Inmate. It is clear by Law And said Contractual Agreement that State And Federal Inmate & Detainee's Are to be housed seperatly.

C. Plaintiff on or about the last weeks of September 2020 while at Recreation in Pinellas county Jail with state inmate Cooley was assaulted by said state inmate with handcuff's, which is how inmates on High Security "Red Dot" are forced to go to recreation, namely in handcuff's and shackles.

D. Said assault was documented by the facilities Nurse and pictures taken of Plaintiff's bloody arms and hands where inmate cooley raked the sharp notches of the handcuff's on plaintiff during the assault.

E. Pinellas county Jail staff reported the incident as a fight to cover the incident being between a state and federal Inmate which were not suppose to be housed together. Note: Inmate cooley recieved No injury in the incident.

F. Also between the time frames depicted in section A. The Defendant did knowingly house plaintiff in an unsafe Inviroment, namely, D-Wing At the Pinellas county Jail which had No smoke detectors or sprinklers (fire) in the units. It is understood that under a grandfather fire safety Clause that said card be not in Violation of Florida safety Laws, but Plaintiff states that under contractual obligation to house federal Inmates and Detainees this was in direct Violation of said contractual Agreement and the federal fire safety codes in housing federal inmates.

## Requested Relief

Injunctive Relief: order Defendant to house seperatly state and federal Inmates, And order Defendant not to house federal inmates on D-Wing, or any other section of the Pinellas county Jail that is Not Adequatly fire safety Protected under recent Law.

Punitive Relief: In the Amount of $100,000.00 for not following said contractual Agreement which resulted in the Assault and Injury of Plaintiff, and endangerment of a unsafe enviroment due to not having proper updated fire safety equipment installed when housing federal inmates.

### VII.    Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures.  Your case may be dismissed if you have not exhausted your administrative remedies.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☒ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

H.C.R.R.C. 4102 W. Hillsborough Avenue, Tampa, FL.

Pinellas County Jail, Clearwater, FL.

B.    Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☒ Yes

☐ No

☐ Do not know

C.    Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☒ Yes

☐ No

☐ Do not know

If yes, which claim(s)?    All claims that were given permission to Grieve.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

D.    Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose
      concerning the facts relating to this complaint?

☒ Yes    At Pinellas county Jail you must get permission to file A
(And) grievance first before you can file said grievance. I was
☐ No    Allowed to file only on A couple of Issues, but not Allowed on other
Issues because they were Administratively closed. (see Attached)

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or
other correctional facility?

☒ Yes    I gave certified Notice to R.R.M. D. tyler on clear C.F.R.
☒ No    Due Process Violations. (see Attached) Attachment (B)
                                                    (Notice)

E.    If you did file a grievance:

      1.    Where did you file the grievance?
            At Pinellas county Jail in And through The units Kiosk

      2.    What did you claim in your grievance?    All claims, see Attachment (A)
                                                          Affidavit

      3.    What was the result, if any? (Denied) concerning All Pinellas county Jail
            Filings, And No Response to The Notice sent to R.R.M. D.tyler
            certified mail. Also no response to complaints filed AT H.C.R.R.C.

      4.    What steps, if any, did you take to appeal that decision? Is the grievance process completed? If
            not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

            Their is No Appeal process in Pinellas county Jail's grievance
            Process That is Afforded, Nor means to file such An Appeal in And
            Through The Pinellas county Jail's Kiosk system.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

F.    If you did not file a grievance:

1.   If there are any reasons why you did not file a grievance, state them here:

I WAS denied permission to file The grievances. If you do not first obtain permission to file A grievance The System will NOT Allow you into The Grievance section to file it.

2.   If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any: R.R.m. D. tyler Via certified Return Receipt Which was never Answered.(See Attached copy) Also I filed complaints At H.C.R.R.C. That were never Answered.

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies. I also wrote The U.S. marshals prisoner Division twice At 801 N. Florida Ave. Tampa. but Never recieved Any response from Them concerning The problems At Pinellas county JAIL.

*(Note:  You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)* (See Attached)

## VIII.   Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☒ Yes    Even Though I paid The Filing Fee in total with 20% being removed from my Account over A period of 2 years.
☐ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.
Middle district court for The middle district of Florida, OCALA Division

2011 Title 42 U.S.C. § 1331   Dismissed in 2013-14?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

A.  Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☒ No

B.  If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.  Parties to the previous lawsuit

Plaintiff(s)   David M. Ratcliff

Defendant(s)   Federal Bureau of Prisons

2.  Court *(if federal court, name the district; if state court, name the county and State)*

U.S. District Court, middle district of Florida, Ocala Division

3.  Docket or index number

Unknown

4.  Name of Judge assigned to your case

Unknown

5.  Approximate date of filing lawsuit

2011

6.  Is the case still pending?

☐ Yes

☒ No

If no, give the approximate date of disposition.   2013-2014 ?

7.  What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

The case was dismissed under the Three Strikes Law even though I had paid the filing fee via. 20% taken out of my inmate account over a period of two years. The merits of the case were never decided on.

C.  Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

VIII. Previous Lawsuits Continued

B.(2)  1. plaintiff(s) David M. Ratcliff

Defendants(s) Chief psychologist U.S.P. Pollack (can't Remember Name)
Federal Bureau of Prisons

2. court:
U.S. District court Alexandria Louisiana

3. Docket:
unknown

4. Name of Judge:
un Known

5. Approximate date of filing Lawsuit:
2007-2008

6. is The case still pending?
NO

if no give Approximate date of disposition
2009 - 2010

7. what was The result of the case.

dismissed under Fed. R. Civ. P. 56 Summery Judgement.

B.(3)  1. Plaintiff(s) David M. Ratcliff
Defendants(s) Federal Bureau of Prisons

2. court:
U.S. District court Kansas City, Kansas

3. Docket Number:

    UNKNOWN

4. Name of Judge:

    UNKNOWN

5. Approximate date of filing Lawsuit:

    2004-2005

6. Is The Case still pending?

    NO

7. What was the result of The case?

    Dismissed under Fed. R. Civ. P. 56 Summary Judgement

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

☒ Yes

☐ No

D.   If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below.   *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.   Parties to the previous lawsuit
     Plaintiff(s)   DAVID MARC RATCLIFF
     Defendant(s)   Federal Bureau of Prisons employee (Name unKnown)

2.   Court *(if federal court, name the district; if state court, name the county and State)*
     U.S. DISTRICT court, Louisiana, Alexandria Division

3.   Docket or index number
     unKnown

4.   Name of Judge assigned to your case
     UN Known

5.   Approximate date of filing lawsuit
     2007 - 2008 ?

6.   Is the case still pending?
     ☐ Yes
     ☒ No
     If no, give the approximate date of disposition   2010 ?

7.   What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*
     The case was dismissed for LACK of failing to State A claim in which Relief could be granted, namely Fed R. civ. P. 12 & 56

VIII. Previous Lawsuits Continued

D(2)

1. Plaintiff(s) David M. Ratcliff
   Defendant(s) Federal Bureau of Prison

2. U.S. District Court Kansas City, Kansas

3. Docket Number: unknown

4. Name of Judge: unknown

5. Approx date of filing: 2004-2005

6. Case still pending? NO

7. Result: Dismissed under Fed. R. Civ. P. 56

D(3)

1. Plaintiff(s) David M. Ratcliff
   Defendant(s) Federal Bureau of Prisons

2. U.S. District Court, Middle District of Florida, Ocala Division

3. Docket Number: unknown

4. Name of Judge: unknown

5. Approx date of Filing: 2011

6. Case still pending? NO

7. Result: The Case was dismissed under the Three Strikes Law After I had paid The Filing Fee in total having 20% taken out of my Prison Account over a two year period.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## IX.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:        MAY 5th 2021

Signature of Plaintiff

Printed Name of Plaintiff     David M. Ratcliff

Prison Identification #      1858252

Prison Address      14400 49th Street North

cleanwater                    FL.     33762
_City_                         _State_     _Zip Code_

### B.    For Attorneys

Date of signing:        N/A

Signature of Attorney      N/A

Printed Name of Attorney

Bar Number

Name of Law Firm

Address

_City_                         _State_     _Zip Code_

Telephone Number

E-mail Address